**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

SAMUEL ASIHENE,

           Petitioner,

  v.

TODD BLANCHE, *et al*.,

           Respondents.

Case No. 2:26-cv-02131-RFB-MDC

**ORDER**

Petitioner Samuel Asihene, an immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1). He challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). He asserts he is a member of the certified class in Jacobo-Ramirez v. Noem, 823 F. Supp. 3d 1182 (D. Nev. 2026)[1] ("Class Member"). Therefore, he may be entitled to relief pursuant to the Court's grant of partial summary judgment to Class Members. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d. ---, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).

I.      **PRESERVATION OF JURISDICTION**

To preserve the Court's jurisdiction pending a ruling on the Petition, **IT IS HEREBY ORDERED** that Respondents shall not remove Petitioner from the United States District of Nevada, absent leave of Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384 U.S. 597, 608 (1966); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir.

_____

[1] Kristi Noem has since been substituted for Respondent Markwayne Mullin, the current Secretary of the Department of Homeland Security, pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 25(d).

2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Such an injunction is appropriate here. The Supreme Court of the United States has repeatedly held that only one district has jurisdiction over a "core habeas petition:" "the district of confinement." Trump v. J.G.G., 604 U.S. 670, 672 (2025) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)). Petitioner's removal from this judicial district could interfere with the Court's jurisdiction and ability to expeditiously resolve this case and provide appropriate relief. The Court thus finds this Order is warranted to maintain the *status quo*.

## II.    FILING FEE

Initially, the Court finds that good cause exists to grant Petitioner's IFP Application. As such, **IT IS HEREBY ORDERED** the IFP Application (ECF No. 1) is **GRANTED**.

## III.    APPOINTMENT OF COUNSEL

This Court has the discretion to appoint counsel for indigent habeas corpus petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); see also Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts [hereinafter, § 2254 Rules]; id., Rule 1(b) (enabling a court to apply these rules to petitions brought under 28 U.S.C. § 2241). That standard is met when the circumstances indicate that appointment of counsel is necessary to prevent due process violations. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). This case necessarily implicates a complex web of detention authority developed specifically for noncitizens. See Torres v. Barr, 976 F.3d 918, 924 (9th Cir. 2020). Given the complexity of the case and Petitioner's detained status, the Court finds appointing counsel is in the interests of justice.

Therefore, **IT IS HEREBY ORDERED** the Federal Public Defender for the United States District of Nevada ("FPD") is **APPOINTED** to represent Petitioner.

**IT IS FURTHER ORDERED** the FPD must **FILE** a notice of appearance, or **ADVISE** the Court that it cannot represent Petitioner, by **July 16, 2026**. Appointed counsel will represent

Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless appointed counsel is allowed to withdraw.

## IV.   DOCUMENT PRODUCTION

This Court has the express authority to "use[,] or authorize the use[,] of suitable discovery procedures" to dispose of a viable habeas petition "as law and justice require." Harris v. Nelson, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243); see also Rule 7, § 2254 Rules (empowering a court to direct the parties to expand the record by submitting additional materials relating to the petition). The Court concludes limited discovery is necessary to expand the record and properly dispose of this matter.

Therefore, **IT IS HEREBY ORDERED** Federal Respondents must **PRODUCE** the following records, which are relevant to the lawfulness of Petitioner's detention: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings or custody redetermination proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings; (8) any other records Federal Respondents rely on to justify Petitioner's detention. Specifically, Federal Respondents must **PRODUCE** these materials to Petitioner's Counsel by **July 17, 2026**. Alternatively, by that same date, Federal Respondents must **CERTIFY** that, after a diligent search, they have determined that the record(s) are not in their possession, custody, or control.

## V.   BRIEFING

**IT IS HEREBY ORDERED** the following parameters will govern in this case. See Rule 4, § 2254 Rules ("[T]he judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."):

### A. SCHEDULE

  i.   **Notice Regarding Class Membership and Detention Authority**: On or before

**July 17, 2026**, Federal Respondents must file a notice which (1) indicates whether they contend Petitioner is, or is not, a <u>Jacobo-Ramirez</u> Class Member and (2) identifies the statutory provision which they contend authorizes Petitioner's detention. <u>See</u> <u>Jacobo-Ramirez v. Mullin</u>, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33. Federal Respondents must further attach the following documents to this notice: (1) Form I-862 Notice to Appear and (2) Form I-213 Record of Deportable or Inadmissible Alien.

ii. **Interrogatories Regarding Warrant and Initial Custody Determination:** On or before **July 17, 2026,** Federal Respondents must file an answer under oath to the following interrogatories, <u>see</u> Rule 7, § 2254 Rules: (1) was Petitioner arrested pursuant to a lawfully executed and served administrative warrant under 8 C.F.R. § 236.1(b); (2) was an initial custody determination conducted as to Petitioner under 8 C.F.R. § 236.1(c)(8); (3) was a Form I–286, Notice of Custody Determination served to Petitioner under 8 C.F.R. § 236.1(g). Federal Respondents must further attach the following documents to their response, or certify those documents are not in their possession, custody, or control.: (1) Form I-200 Warrant for Arrest of Alien; (2) Form I-286 Notice of Initial Custody Determination.

iii. **Amended Petition**: On or before **July 24, 2026**, Petitioner must file an amended petition for a writ of habeas corpus *unless* the FPD declines to represent Petitioner. Upon reviewing the amended petition, the Court will issue an order to show cause and briefing schedule or dismiss the petition as meritless. <u>See</u> 28 U.S.C. § 2243.

**B. FILINGS**

i. Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

ii. The Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

iii.    The Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for an extension must certify efforts made to meet and confer and indicate the opposing party's position regarding the extension. Any motion, or stipulation, must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

iv.    The Parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the Court, unless the Court orders otherwise. See LR IC 6-1; see also Fed. R. Civ. P. 5.2.

## VI.    SERVICE AND INSTRUCTIONS TO THE CLERK OF COURT

The Clerk of Court is kindly **INSTRUCTED** to:

1.  **ADD** the FPD to the docket as an "Attorney to be Noticed" using the following email address: ecf_nvchu@fd.org. The Clerk is further instructed to **SEND** a copy of this Order to the FPD and CJA Coordinator for this division.

2.  **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all Federal Respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3.   **SEND**, through CM/ECF, a courtesy copy of the Petition (ECF No. 1-1), and this Order, to Counsel for Respondent John Mattos at ahesman@strucklove.com.

4.  **MAIL** a copy of the Petition (ECF No. 1-1), and this Order, pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

5.  **UPDATE** the docket to reflect the following substitutions of Respondents: (1)  Ruben Leyva, Acting Director of the Salt Lake City Field Office of ICE Enforcement and Removal Operations, is substituted for Jason Knight/Michael Bernacke; (2) Acting Director of ICE David Venturella is

substituted for Todd Lyons. See Fed. R. Civ. P. 25(d).

DATED: July 14, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**